[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In December 1987 the plaintiff owned a piece of property in Beacon Falls on the northerly side of Nancy Avenue. It was bounded southerly by Nancy Avenue, 75 feet; westerly by land now or formerly of Edward Mankaoski, 213 feet, more or less; northerly by the center line of the Naugatuck River, 76 feet, more or less; and easterly by land now or formerly CT Page 677 of the State of Connecticut, Department of Transportation, 219 feet, more or less. There were a few dilapidated structures on it.
On December 17, 1987, the defendant took the plaintiff's property for the layout, alteration, extension, widening, change of grade or improvement of Conn. Route #8, and filed an assessment of damages for the taking in the amount of $31,000.
This action is an appeal from the assessment of damages.
The case was assigned to Judge Chernauskas, who died before he filed his decision in the matter.
The court viewed the property on July 13, 1990.
The appraiser for the plaintiff and the appraiser for the defendant both used claimed comparable sales as the basis of their opinions concerning the damages resulting to the plaintiff by the taking. Both found sales in the area. However, the court accepts the figure of $3.47 per square foot found by the plaintiff's appraiser as the most comparable sale of property in time, location and size to the plaintiff's property.
That figure however cannot be applied to the whole of the plaintiff's property. Part of it lies in the bed of the Naugatuck River and is covered with water.
The plaintiff's property is 16,300 square feet in area. By scaling the map of the property the court finds that 70% of the property or 11,410 square feet, is solid land and 30% of the property or 4,890 square feet is in the river bed. 11,410 times $3.47 = $39,592. As the figure of $3.47 cannot reasonably be applied to the land in the river bed, the court finds that one half of $3.47 will be a fair value for that land, 4,890 times $1.73 = $8,457. Thus the plaintiff's damages for the taking of the land is $48,049.
The plaintiff's appraiser did not see the structures on the plaintiff's property because the land had been cleared before he was able to view the property. The defendant's appraiser put a value of $1000 on these structures. This figure the court accepts.
Judgment may enter for the plaintiff for $48,049 for the taking of the land, plus $1000 for the taking of the structures on the property, plus a fee for the plaintiff's appraiser's report of $1000 plus interest on the excess of CT Page 678 the award by this judgment over the original award of the defendant plus costs.
THOMAS J. O'SULLIVAN, TRIAL REFEREE